

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 13, 2010

Raymond Gillespie, Esq.
875 Massachusetts Ave.,
Cambridge, MA 02139

10CR 10439-NG

Re: United States v. James Ronald Beaty, a/k/a James Ronald Beatty,
Criminal No. 10-MJ-00100-LTS

Dear Mr. Gillespie:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, James Ronald Beaty, a/k/a James Ronald Beatty ("Defendant"), in the above-referenced case. The Agreement is as follows:

1. Change of Plea

At the earliest practicable date, Defendant shall waive indictment and plead guilty to the Information attached to this Agreement charging him with: 18 U.S.C. §§ 1029(b)(2) (conspiracy to commit access device fraud) and 1028A (aggravated identity theft). Defendant expressly and unequivocally admits that he committed the crimes charged in the Information, did so knowingly, and is in fact guilty of those offenses.

The U.S. Attorney agrees not to charge Defendant pursuant to 18 U.S.C. § 1028(b)(1) (attempted access device fraud) based on conduct described in the affidavit for the criminal complaint in this case.

Defendant agrees to the accuracy of the statement of facts contained in the affidavit for the criminal complaint filed in this case.

2. Penalties

Based on information presently available to the U.S. Attorney, it is her belief that Defendant

7.12.10

faces the following minimum mandatory and maximum penalties: for Count One (conspiracy to commit access device fraud), incarceration for a period of 5 years; supervised release for a period of 3 years; a fine of $250,000, or twice the gross gain/loss, whichever is greatest; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information; for Count Two (aggravated identity theft), incarceration for a mandatory period of 2 years, which shall be served consecutive to the term of incarceration imposed under Count One; supervised release for a period of 3 years; a fine of $250,000, or twice the gross gain/loss, whichever is greatest; a mandatory special assessment of $100; and restitution. In the event that 18 U.S.C. § 1029(c)(1)(B) applies to Count One, then the maximum penalty on Count One could be 10 years; supervised release for a period of 3 years; a fine of $250,000, or twice the gross gain/loss, whichever is greatest; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.

Defendant also recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel or the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Defendant nevertheless affirms his decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

3.   Fed. R. Crim. P. 11(c)(1)(C) Plea

This plea agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's plea will be tendered pursuant to that provision. In accordance with Fed. R. Crim. P. 11(c)(1)(C), if the District Court ("Court") accepts this plea agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this plea agreement, the U.S. Attorney may deem the Agreement null and void. Defendant expressly understands that he may not withdraw his plea of guilty unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4.   Sentencing Guidelines

With respect to the application of the United States Sentencing Guidelines, the parties agree that:

(i)   in accordance with U.S.S.G. § 2B1.1, Defendant's base offense level for Count One is 6, because the statutory maximum term of imprisonment for this count is less than 20 years;

(ii)  in accordance with U.S.S.G. § 2B1.6 cmt. app. n. 2, Defendant's offense level for Count One is not increased under U.S.S.G. § 2B1.1(b)(10) for the transfer, use, or possession of a means of identification, because these specific offense characteristics will be adequately accounted for in the sentence to be imposed for Count Two and pursuant to U.S.S.G. § 2B1.6;

    (iii)    in accordance with U.S.S.G. § 3E1.1, based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, the adjusted offense level is reduced by two or three levels, depending upon Defendant's total adjusted offense level before accounting for acceptance of responsibility.

There are no other agreements regarding these or any other sentencing guideline provisions.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case.

The U.S. Attorney may, at her sole option, be released from her commitments under this Agreement, including, but not limited to, her agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Agreement and sentencing, Defendant:

    (a)    Fails to admit a complete factual basis for the plea;

    (b)    Fails to truthfully admit his conduct in the offenses of conviction;

    (c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (d)    Fails to provide truthful information about his financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (f)    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

    (g)    Intentionally fails to appear in Court or violates any condition of release;

    (h)    Commits a crime;

    (i)    Transfers any asset protected under any provision of this Agreement; or

    (j)    Attempts to withdraw his guilty plea.

5.  Agreed Disposition

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

   (a)   incarceration for a period of no less than 2 years and no more than 7 years;

   (b)   a fine within the guidelines range, as determined by the Court;

   (c)   36 months of supervised release;

   (d)   a mandatory special assessment in the amount of $200;

   (e)   restitution in an amount to be determined by the Court; and

   (f)   forfeiture as set forth below.

The parties may respectively argue for any amount of restitution or forfeiture or any term of incarceration within the range agreed to above.

Within the sentencing range agreed to by the parties, the sentence to be imposed upon Defendant is within the discretion of the Court, subject to the provisions of the advisory United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a).

6.  Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

7.  Protection of Assets for Payment of Restitution, Forfeiture and Fine

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which Defendant has an interest without prior express written consent of the U.S. Attorney, except for:

   (a)   Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $2,500;

   (b)   Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom Defendant owes a legal duty of support, so

long as such assets do not exceed $2,500 per month; and

(c)  Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Information are satisfied in full.

Defendant further agrees that, prior to sentencing, Defendant will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

8.  Waiver of Right to Appeal and to Bring Other Challenge

(a)  Defendant has conferred with his attorney and understands that he has the right to challenge his conviction in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that he may, in some circumstances, be able to challenge his conviction in a future proceeding (such as, for example, in a collateral challenge pursuant to 28 U.S.C. § 2255 or 28 U.S.C. § 2241). Defendant waives any right he has to challenge his conviction on direct appeal or in any future proceeding.

(b)  Defendant has conferred with his attorney and understands that defendants ordinarily have a right to appeal their sentences and may sometimes challenge their sentences in future proceedings. Defendant understands, however, that once the Court accepts this Rule 11(c)(1)(C) plea agreement, the Court is bound by the parties' agreed-upon sentencing range. Defendant may not contest any sentence of imprisonment, restitution, or fine within the agreed-upon sentencing range in an appeal or challenge any sentence of imprisonment, restitution, or fine within the sentencing range in a future proceeding in federal court. Similarly, the Court has no authority to modify a sentence of imprisonment, restitution, or fine within the agreed-upon sentencing range under 18 U.S.C. § 3582(c), even if the Sentencing Guidelines are later modified in a way that appears favorable to Defendant. Likewise, Defendant agrees that he will not seek to be re-sentenced with the benefit of any change to the criminal history category that existed at the time of Defendant's original sentencing. Given that a defendant who agrees to a specific sentencing range cannot later challenge a sentence of imprisonment, restitution, or fine within that range, and also because Defendant desires to obtain the benefits of this Agreement, Defendant agrees that he will not challenge the sentence imposed in an appeal or other future proceeding. Defendant also agrees that he will not seek to challenge the sentence in an appeal or future proceeding even if the Court rejects one or more positions advocated by any party at sentencing.

   (c)  The U.S. Attorney agrees that she will not appeal the imposition by the Court of the sentence agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more positions advocated by a party at sentencing.

 9.  <u>Probation Department Not Bound By Agreement</u>

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office.

 10.  <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of his guilty plea, enter an order of forfeiture as part of his sentence, and that the order of forfeiture may include assets directly traceable to his offense, assets used to facilitate his offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, any and all items seized by or turned over to members of the Auburn, Maine Police Department on or about October 7, 2010. Defendant admits that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds obtained directly or indirectly, as the result of the offense, or was used or intended to be used to commit the offense. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees that he will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding and that he will testify truthfully in any such proceeding. In order to assist the United States in locating and forfeiting assets, Defendant shall deliver to the U.S. Attorney within thirty days after signing this Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest, and all assets over which Defendant has exercised control, or has had any legal or beneficial interest, at any time from January 7, 2010 to the present. At the request of the U.S. Attorney, Defendant further agrees to be deposed with respect to Defendant's assets.

Defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this

Agreement. Defendant agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with regard to such challenge or review.

Defendant hereby waives and releases any claims he may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

11. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of Defendant's conduct and his plea of guilty to the charges specified in Paragraph 1 of this Agreement.

12. <u>Withdrawal of Plea By Defendant or Rejection of Plea by Court</u>

Should Defendant move to withdraw his guilty plea at any time, or should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Agreement, this Agreement shall be null and void at the option of the U.S. Attorney. In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Agreement.

13. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has engaged in any of the activities set forth in Paragraph 4(a)-(j), has violated any condition of his pretrial release, or has committed any crime following Defendant's execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, irrespective of whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which otherwise may have been brought against the Defendant and/or have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this Agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by Defendant, and any information, materials, documents or objects which may be provided by Defendant to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

14. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

15. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Scott L. Garland.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: _____
JAMES F. LANG
Chief, Criminal Division
JOHN T. McNEIL
Deputy Chief, Criminal Division

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
James Ronald Beaty,
a/k/a James Ronald Beatty
Defendant

Date: 12/14/10

I certify that James Ronald Beaty, a/k/a James Ronald Beatty has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
Raymond Gillespie, Esq.
Attorney for Defendant

Date: 12/14/10

7.12.10