UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 10-cr-10439-NG |
| | ) | |
| JAMES RONALD BEATY, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

The defendant submits this Sentencing Memorandum as an aid to the Court in determining an appropriate sentence in this matter.  The defendant respectfully requests this Court to sentence him to 36 months (12 +24 consecutive) in prison followed by three (3) years of supervised release subject to the following special conditions:  (1) daily attendance at Narcotics Anonymous and Gamblers Anonymous meetings for the first 90 days after release from the custody of the Bureau of Prisons and at least two meetings per week thereafter; (2) obtain and work actively with a sponsor to incorporate the Twelve Steps of recovery into defendant's life; (3)  attend weekly session with a psychotherapist experienced in the treatment of addiction who shall be authorized by the defendant to communicate to the court regarding defendant's compliance and progress in his recovery program.

As reason therefore, defendant states that the recommended term of imprisonment will accomplish the goals of retribution, incapacitation and deterrence mentioned by the government in its sentencing memorandum and yet not give up on rehabilitation.  The defendant, while already a repeat offender, is not without some positive qualities.  He held steady, full-time jobs as a skilled welder in the shipping and fabrication industries for over thirty years.  He has not committed violent crimes.   He is not incorrigible.  The recommended conditions of special release are suggested in Dr. Brower's evaluation of the defendant, a copy

1

of which has been forwarded to the Court under separate cover.  He is somewhat optimistic that if the defendant attends Twelve Step meetings frequently and "undertakes a full program of recovery from his multiple addictions" the likelihood of recidivism would be greatly reduced.

The recommended term of imprisonment is almost twice as much time as the defendant has previously served on any prior conviction.  Any material violation of the special release terms would likely result in the imposition of the maximum incarcerative term , resulting in a net sentence close to the maximum which the government is advocating.

By his attorney,

/s/Raymond E. Gillespie
Raymond E. Gillespie
BBO #192300
875 Massachusetts Avenue Suite 32
Cambridge, MA 02139
(617) 661-3222
Rgillespie1@prodigy.net

**Certificate of Service**

I, Raymond E. Gillespie, attorney for the defendant hereby certify that a copy of the foregoing was served electronically on all parties listed to receive such service in this case on June 17, 2011:

/s/Raymond E. Gillespie
Raymond E. Gillespie

sentmemo