UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 10-10439-NG |
| ) | |
| JAMES RONALD BEATY, A/K/A, ) | |
| JAMES RONALD BEATTY, ) | |
| Defendant. ) | |

## PRELIMINARY ORDER OF FORFEITURE

**GERTNER, D.J.**

WHEREAS, on December 20, 2010, the United States Attorney for the District of Massachusetts filed a two-count Information charging defendant James Ronald Beaty a/k/a James Ronald Beatty (the "Defendant"), with Conspiracy to Commit Access Device Fraud, in violation of 18 U.S.C. § 1029(b)(2) (Count One), and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count Two);

WHEREAS, the Information also contained a forfeiture allegation, pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense in violation of 18 U.S.C. § 1029, of any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the offense, pursuant to 18 U.S.C. § 982 (a)(2)(B), and any personal property used or intended to be used to commit the offense pursuant to 18 U.S.C. § 1029(c)(1)(C), including but not limited to, any and all items seized by or turned over to members of the Auburn, Maine Police Department on or about October 7, 2010;

WHEREAS, on or about October 7, 2010, the Auburn, Maine Police Department seized the following items:

    (a)    three (3) JC Penny Gift Cards, with a total value of $900;
    (b)    two (2) TJ Maxx/Marshalls gift cards, with a total value of $400;
    (c)    two (2) Kiwi Select Sport Shoe Cleaner;
    (d)    three (3) Apple 64GB iPads, bearing serial numbers GB039ZGJETV, V50390SQETV and V50396C3ETV;
    (e)    one (1) HP Mini 210 Notebook Computer, bearing serial number CNF0347CCN;
    (f)    one (1) pair of Cole Haan Nicole Air Boots (size 10);
    (g)    one (1) black/brown reversible Perry Ellis Belt;
    (h)    nineteen (19) Best Buy Gift Cards, with a total value of $950;
    (i)    one (1) Dewalt 12" sliding compound saw;
    (j)    one (1) Lincoln electric weld pak 140 HD;
    (k)    three (3) Dewalt 18V XRP 5 tool combo kit; and
    (l)    one (1) Pegasus brushed nickle antique faucet,

(collectively, the "Properties");

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 18 U.S.C. §§ 982(b)(1) and 1029(c)(2), incorporating 21 U.S.C. § 853(p);

WHEREAS, on February 8, 2011, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts 1 through 2 of the Information, pursuant to a written plea agreement that he signed on December 14, 2010;

WHEREAS, in Section 10 of the plea agreement, the Defendant admitted that the Properties are subject to forfeiture because constitute, or are derived from, proceeds obtained directly or indirectly, as the result of the offense, or was used or intended to be used to commit

the offense;

WHEREAS, in light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty, and accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C); and

WHEREAS, pursuant to 18 U.S.C. §§ 982(a)(2)(B), 1029(c)(1)(C) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the government has established the requisite nexus between the Properties and the offense to which the Defendant pled guilty.

2. Accordingly, all of the Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C).

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1029(c)(2), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Properties.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1029(c)(2), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1029(c)(2), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1029(c)(2), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

8. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. §§ 982(a)(2)(B), 1029(c)(1)(C) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this

Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

_____
NANCY GERTNER
United States District Judge

Dated: 6/21/2011